United States District Court
Southern District of Texas
**ENTERED**
May 12, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HEROD, (TDCJ # 01538534) Plaintiff, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-03549 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| KROLL RESTRUCTURING ADMINISTRATION, *et al*, Defendants. | § § § | |

### OPINION AND ORDER ON DISMISSAL

The complaint by Plaintiff Donald Wayne Herod is dismissed as barred by the three-strikes provision of 28 USC §1915(g). Dkt 1.

Plaintiff is currently incarcerated at the Luther Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. He sues (i) Kroll Restructuring Administration; (ii) Kroll Business Services; (iii) Kroll Trustee and Claims Administrator; and (iv) the ENDD Guc Trust, allegedly under 42 USC §1983. Plaintiff alleges that he is a creditor in Kroll's bankruptcy proceedings but that Defendants are refusing to pay him. He asks for an order requiring Defendants to pay him money damages. Dkt 1.

Plaintiff proceeds here *pro se* and seeks leave to proceed *in forma pauperis*. Dkt 2. A prisoner isn't allowed to do so if federal courts have dismissed three or more prior civil actions or appeals for frivolousness, maliciousness, or failure to state a claim upon which relief may be granted. This bar doesn't apply if the prisoner is in imminent danger of serious physical injury. 28 USC §1915(g).

Plaintiff has had at least three suits dismissed as frivolous or for failure to state a claim. See *Herod v Bexley*,

4:16-cv-00808 (SD Tex April 20, 2016) (failure to state claim); *Herod v Cosper*, 4:16-cv-00537 (SD Tex March 2, 2016) (failure to state claim); *Herod v UTMB*, 9:14-cv-00069 (ED Tex September 26, 2017) (failure to state claim); *Herod v UTMB*, 18-40827 (5th Cir August 28, 2019) (frivolous); *Herod v Mills, et al*, 2:19-cv-00271 (SD Tex February 18, 2020) (frivolous); *Herod v Mills*, 20-40162 (5th Cir May 25, 2021) (imposing three-strikes bar).

Nothing in the current pleadings shows that Plaintiff faces the type of imminent danger of serious physical injury that supports an exception to the payment of the filing fee. See *Baños v O'Guin*, 144 F3d 883, 885 (5th Cir 1998, *per curiam*) (prisoner must demonstrate imminent danger as of time that he seeks leave to file his complaint or notice of appeal).

The complaint by Plaintiff Donald Wayne Herod is DISMISSED WITHOUT PREJUDICE as barred by the three-strikes provision of 28 USC §1915(g). Dkt 1.

The complaint will be reinstated if Plaintiff pays the $405 filing fee within thirty days of the entry of this Order.

The motion to proceed *in forma pauperis* is DENIED. Dkt 2.

Any other motions are DENIED AS MOOT.

The Clerk of Court must SEND a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on ___May 12, 2026___, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

2